Robert A. Goldstein (NV Bar #5001)
rgoldstein@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
8330 West Sahara Avenue, Suite 290
Las Vegas, NV   89117-8949
Telephone:  (702) 227-0700
Facsimile:  (702) 227-0799

Michael J. O'Connor – (AZ Bar #010399)
moconnor@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, AZ   85004-2554
Telephone:  (602) 262-5889
Facsimile:  (602) 495-2645

Attorneys for Defendant Synthes USA
Sales, LLC, identified as Synthes, (USA)
in the caption

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE BALLARD, | Case No. 2:09-cv-01448-PMP-GWF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| SYNTHES, (USA), | |
| Defendant. | |

The parties hereby stipulate and agree through their respective counsel to agree to be bound by the following Protective Order:

IT IS HEREBY ORDERED:

1. This Order shall govern all documents and discovery materials produced by Synthes USA Sales, L.L.C., in response to discovery conducted by Plaintiff in the above-captioned matter.

3601791v1(42344.174)

2.   As used in this Order, "Confidential Material" shall refer to any document, or any portion thereof, designated as confidential by Defendant, as well as information contained in or derived from such document(s).  Such materials that are furnished by Defendant and marked "Confidential" are stipulated to be confidential.  If Plaintiff can subsequently establish that she had prior access to any writings delivered and designated as "confidential," Plaintiff shall promptly notify Defendant of said writings, furnish Defendant with copies without Defendant's "Confidential" designations and, if a dispute then arises involving the prior circumstances under which Plaintiff received said writings, either party may submit same to the Court for review and determination of whether any violation of a previous Protective Order has occurred.

3.   Defendant, in producing any document or other discovery materials, may designate all or any portion or portions thereof as confidential Material.

4.   The designation of Confidential Material may be made by placing or affixing thereon in such manner as will not interfere with the legibility thereof the following or other appropriate notice:  "Confidential Information – Produced in Ballard v. Synthes, pursuant to Protective Order.  Do Not Reproduce" and subsequently Bates stamped.

5.   Confidential Material shall not be used by Plaintiff and/or Plaintiff's agents, including attorneys and experts, for any purpose other than preparation for trial or arbitration and/or trial or arbitration of this action.

6.   Should any party in this action other than Plaintiff desire access to Confidential Material, such party shall comply with the terms of this Protective Order.

7. Only two copies of the Confidential Material shall be provided to Plaintiff and specifically to her designated attorney of record who shall receive such Confidential Material in sealed envelopes. The Designated attorney receiving such Confidential Material is prohibited from reproducing any other copies of the sealed Confidential Material, except as permitted by the terms of this Protective Order. The Confidential Material received by the designated attorney requesting such documentation shall be controlled and properly secured by that attorney to prevent unauthorized access to or reproduction of the information and documentation so designated as confidential. Counsel receiving Confidential material shall maintain for each copy of the Confidential Material an ongoing log and record the date a "qualified person," as defined by Paragraph 8, was given access to the Confidential Material, the name of the "qualified person" given access, and what Confidential Materials the qualified person reviewed; and Plaintiff shall deliver to Defendant a full and complete and warranted copy of the logs at the end of this case, together with a return of all Confidential Material and all notes, charts, excerpts taken and/or derived therefrom. Access to Confidential Material will be allowed only at the office of Plaintiff's counsel and under the direct and continuing control of Plaintiff's named attorney and his staff as recorded in the log, except that Plaintiff's counsel may forward such Confidential Material to an expert retained for this litigation who complies with the remainder of the terms set forth herein.

8. Confidential Material and any copies thereof and notes made therefrom shall be disclosed only to "qualified persons." Qualified persons are limited to:

    a. Counsel of record for the parties and deponent.
    b. A designated representative for Plaintiff Arlene Ballard.

   c. The non-technical and clerical staff employed by counsel of record for the preparation of and the trial of this action.

   d. The independent personnel retained by counsel of record to furnish technical or other expert services or advice or to give expert testimony.

9. Prior to disclosure of Confidential Material to any qualified person as defined in Paragraph 8, above, such person shall execute a "written Assurance" in the form of Exhibit A, attached hereto, a copy of which shall forthwith be furnished to counsel for Defendant within a reasonable time.

10. If Confidential Material is utilized or referred to during depositions, the counsel for deponent or Defendant may request that only qualified persons, the deponent and the reporter shall be present. Counsel for Defendant shall, either at the deposition itself or within ten (10) days after receipt of the transcript thereof, notify all other counsel, on record or in writing, that the information is claimed to be Confidential Material and designate the portions for which such claim is made. Those portions of any deposition transcript, including exhibits, for which confidentiality is claimed shall be bound separately under seal and prominently marked "Confidential Material Subject to Protective Order." The deponent shall be instructed in advance that he or she may not disclose Confidential Material or the information contained therein except as provided herein and shall sign a Written Assurance to that effect. Said portions of any deposition transcript shall be returned to Defendant upon final termination of this action.

11. Confidential Material may be referred to or incorporated in documents, including briefs, affidavits or interrogatories filed with this Court, provided that such documents shall be filed with the Clerk of the Court under seal prominently marked "confidential Material Subject to Protective Order," and

all copies so attached shall be returned to Defendant upon final termination of this action.

12. Confidential Material may be introduced into evidence if otherwise admissible, provided that the party seeking to do so shall provide the party whose documents are to be offered in evidence no less than ten (10) days prior notice of its intent to make such offer so that Defendant may have adequate opportunity to see *in camera* treatment of such documents.

13. If counsel for a party disagrees with a claim of confidentiality, he shall notify opposing counsel within forty-five (45) days of receipt thereof, specifying the factual and/or legal basis for said assertion; and, if the dispute cannot be resolved by agreement, then the dispute will be submitted to the Court. In determining whether the document shall remain confidential, the Court shall consider the general purpose of this agreement to protect the disclosure of (1) proprietary information, (2) trade secrets, (3) manufacturing specifications, and (4) other claims. Pending such determination, the information shall be kept and maintained as confidential pending the ruling by this Court.

14. Upon final termination of this action, information designated confidential, including each copy thereof and each document and copy thereof which incorporates, in whole or in part, any information designated as confidential, as well as any notes, charts, excerpts, etc., that were made based upon such confidential information, shall be returned to Defendant together with the log access records described in Paragraph 7.

**APPROVED**

LAW OFFICES OF MICHAEL F. BOHN, ESQ., LTD.


By: __/s/ *Michael F. Bohn (with permission)*__
    Michael F. Bohn
    1880 East Warm Springs Road, Suite 110
    Las Vegas, NV   89119
    Attorneys for Plaintiff


JENNINGS, STROUSS & SALMON, P.L.C.


By: __/s/ *Michael J. O'Connor*__
    Michael J. O'Connor
    One East Washington Street, Suite 1900
    Phoenix, AZ   85004-2554
    Attorneys for Defendant


IT IS SO ORDERED

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

DATED:   June 29, 2010

**CERTIFICATE OF MAILING**

☒ I hereby certify that on June 28, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael F. Bohn, Esquire
mbohn@bohnmorris.com
LAW OFFICE OF BOHN & MORRIS
1880 East Warm Springs Road, Suite 110
Las Vegas, NV   89119

☐ I hereby certify that on June 28, 2010, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

By       /s/ *K. C. Rusboldt*

3601791v1(42344.174)                                    - 7 -

# EXHIBIT A

# **WRITTEN ASSURANCE**

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order in *Ballard v. Synthes*, Case No. 09-CV-01448 PMP-gwf, in the United States District Court for the District of Nevada; that I have been given a copy of and have read that Protective Order and have had its meaning and effect explained to me by the designated attorney receiving the documents; and that I hereby agree to be bound by it and its terms.  I understand that I am prohibited from reproducing, making or disseminating any copies of the writings covered by the Protective Order; and, further, that upon completion of this litigation, I am to return all of said writings to the attorney in this case who has retained me and made these writings available to me for my review pursuant to the terms of the Protective Order, including notes, charts, excerpts that were made based upon such Confidential Information of documents.  I further agree that I shall not disclose to others, except in accordance with that Protective Order, such writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they were produced.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that Protective Order, I may be subject to sanctions, including sanctions by way of contempt of Court, imposed by the Court for such failure.  Further, I agree to subject myself to the jurisdiction of the United States District Court for the District of Nevada, in and for any contempt proceedings or other

3602087v1(42344.174)

appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____
*(Signature)*

_____
*(Print Name)*

Sworn and subscribed in my presence this \_\_\_\_\_ day of _____, 2010.

_____
Notary Public

_____
My Commission Expires:

Case 2:09-cv-01448-PMP-GWF   Document 23   Filed 06/29/10   Page 10 of 10